```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TROY B. MANNERY,                    )
                                    )  Civil Action No. 07 - 315
         Plaintiff,                 )
                                    )  Chief Judge Donetta W.
v.                                  )  Ambrose /
                                    )  Magistrate Judge Lisa Pupo
OFFICER SCOTT MILLER; CHIEF         )  Lenihan
RICHARD A. BARRON; JUDGE JOHN       )
F. WAGNER, JR.; PROSECUTOR          )
NANCY VERNON;                       )
                                    )
         Defendants.                )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. §§ 1981, 1983, 1985 or 1986.

II.  REPORT

Plaintiff, Troy B. Mannery, a prisoner confined at the State Correctional Institution at Rockview, Pennsylvania, has commenced the present action pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Plaintiff complains that he was not fingerprinted or photographed as required under 18 Pa. Cons. Stat. § 9112 and 42 Pa. Cons. Stat. § 9799.9, respectively, after he was arrested on March 30, 2006 by the Masontown Borough Police Department. For the reasons that follow, the action should be dismissed for failure to state a claim upon which relief may be granted.

A. Standard of Review

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is a prisoner and defendants are officers or employees of a governmental entity. Plaintiff has been granted leave to proceed IFP in this action (doc. no. 2). Thus his allegations must be reviewed in accordance with the directives

provided in 28 U.S.C. §§ 1915A & 1915(e).  In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1]  Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  Notwithstanding, a plaintiff must allege specific facts supporting his claims to withstand dismissal for failure to state a claim.  Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. Dec. 23, 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).

       B. Liability Under 42 U.S.C. § 1981

Plaintiff first asserts liability against defendants under 42 U.S.C. § 1981, which provides as follows.

    1981.    Equal rights under the law

       (a)   Statement of equal rights

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

       (b) "Make and enforce contracts" defined

---

[1] See, e.g., Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998).

> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

A claim under section 1981 is restricted by its language to discrimination based on race or color. Springer v. Seaman, 821 F.2d 871 (1st Cir. 1987) (racial animus is necessary element of claim under § 1981). Accordingly, to state a claim under 42 U.S.C. § 1981, a plaintiff is required to plead facts demonstrating that the plaintiff is member of a racial minority, that there was intent to discriminate on the basis of race by the defendant, and that discrimination concerned one or more of the activities enumerated in the statute. Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993); Imagineering, Inc. v. Kiewit Pac. Correctional Officer., 976 F.2d 1303, 1313 (9th Cir. 1992) (under section 1981, plaintiff must allege facts that would support an inference that defendant intentionally and purposefully discriminated against him); Hood v. New Jersey Dep't of Civil Service, 680 F.2d 955, 959 (3d Cir. 1982).

Although Plaintiff does plead facts that he belongs to a racial minority, he fails allege any facts whatsoever that would substantiate his broad allegations of racial discrimination; he has only alleged a conclusion without presenting any facts to support

it. He has not demonstrated the manner in which his treatment has differed from the treatment that has been afforded to non-minority prisoners, nor has he identified any facts that show that any Defendant purposefully discriminated against him based on his race. Moreover, his claim does not come within the specific categories identified in the statute. As a result, Plaintiff's claim for liability under 42 U.S.C. § 1981 should be dismissed. *See* Murray v. Thistledown Racing Club, Inc., 770 F.2d 63 (6th Cir. 1985) (section 1981 claim failed as a matter of law where the plaintiff failed to proffer a prima facie case of intentional race discrimination); White v. Florida Highway Patrol, Div. of Florida Dep't of Highway Safety & Motor Vehicles, 928 F. Supp. 1153 (M.D. Fla. 1996) (complaint dismissed due to vague and conclusory allegations).[2]

C. Liability under 42 U.S.C. § 1983

Plaintiff next asserts liability against Defendants pursuant to 42 U.S.C. § 1983. In order to assert liability under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). The following discussion

---

2. The Court notes that the statements set forth in the affidavit submitted by Stella M. Mannery do not set forth any indication that Defendants failed to fingerprint of photograph Plaintiff because of his race. *See* doc. no. 7.

shows that Plaintiff's allegations do not set forth any violations of his constitutional rights.  Accordingly, his Complaint should be dismissed.

### 1. Fourth Amendment

Plaintiff attempts to assert claims of false arrest, abuse of process and malicious prosecution.  These claims arise under the Fourth Amendment, which protects us from illegal seizures except upon probable cause.  As an initial matter, there is no constitutional guarantee that innocent persons will not be arrested for crimes that they did not commit; the constitution only guarantees that the arrestee will be afforded due process upon his or her arrest.  Baker v. McCollan, 443 U.S. 137, 145 (1978). However, an arrest made without probable cause violates the Fourth Amendment and is therefore actionable under §1983.  Albright v. Oliver, 510 U.S. 266, 277-78 (1994); Malley v. Briggs, 475 U.S. 335 (1986).

Here, public records show that on August 22, 2006, Plaintiff pleaded guilty to the charge of Criminal Trespass. Plaintiff's unimpaired conviction precludes him from pursuing a claim of false arrest. *Cf*. Mosley v. Wilson, 102 F.3d 85, 90-91 (3d Cir. 1996) (holding that a conviction that has not been reversed ordinarily precludes finding of lack of probable cause for the underlying proceeding).[3]

Plaintiff's complaint also seeks recovery against defendants for "abuse of process."  Abuse of process occurs where

---

3.  The Court further notes that Plaintiff attached a copy of the Affidavit of Probable Cause to his Complaint, which clearly shows that the arresting officers had probable cause to arrest him.

process is lawfully initiated and thereafter perverted to achieve some unlawful purpose. Heck v. Humphrey, 512 U.S. 477, 486, n.5 (1994). Unlike the tort of malicious prosecution, abuse of process does not require termination of the proceedings in the plaintiff's favor. Id. Moreover, the presence or absence of probable cause is irrelevant to an abuse of process claim. Jennings v. Shuman, 567 F.2d 1213, 1217 (3d Cir. 1977).

Once process is issued, the focus of an abuse of process claim is on the purpose for which such process was used.

> [T]he use to which process is put can be either legitimate or illegitimate, and, if illegitimate, there is malicious abuse [of process]. For example, if the defendant justifies issuance of process by untruthfully saying that the plaintiff solicited burglary and uses the process only to have him jailed, this is malicious [prosecution] only. It is not malicious abuse [of process] because jailing is the purpose for which the criminal process was intended. If the defendant has process issued based on the truthful statement that the plaintiff solicited burglary and then uses the threat of prosecution for purposes of extortion, this is malicious abuse [of process] only.

Jennings, 567 F.2d at 1218.

Plaintiff's arrest and the filing of charges against him constituted "process." Puricelli v. Borough of Morrisville, 820 F. Supp. 908, 919 (E.D. Pa. 1993). However, Plaintiff has not identified any illegitimate use for which he was charged and arrested. Thus, he has failed to state a claim for abuse of process.

Next, Plaintiff asserts a claim of malicious prosecution. To prevail on a malicious prosecution claim under § 1983, a

plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the defendants initiated the proceeding without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty as a consequence of the criminal proceeding. Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

Here again, Plaintiff's unimpaired conviction precludes him from pursuing a claim of malicious prosecution.

### 2. Eighth Amendment

Plaintiff also asserts violations of the Eighth Amendment, which prohibits cruel and unusual punishment. In order to make out a prima facie case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show that he was deprived of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

Plaintiff fails to allege any facts to demonstrate that he was denied any basic human need such as food, clothing, shelter, sanitation, medical care or personal safety. Accordingly, Plaintiff fails to allege any facts to demonstrate a violation of the Eighth Amendment.

### 3. Fourteenth Amendment

Plaintiff also claims that he had a protected liberty interest in having his fingerprints taken due to the "mandatory" nature of the Pennsylvania statute.  First, Defendants' failure to comply with Pennsylvania law does not rise to level of a constitutional violation.  The Due Process Clause of the Fourteenth Amendment shields from arbitrary or capricious deprivation only those facets of a convicted criminal's existence that qualify as liberty or property interests.  Hewitt v. Helms, 459 U.S. 460 (1983); Morrissey v. Brewer, 408 U.S. 471 (1972).  The types of protected liberty interests are not unlimited.  The interest must rise to more than an abstract need or desire and must be based on more than a unilateral hope.  Rather, an individual claiming a protected interest must have a legitimate claim of entitlement to it.  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) (citation omitted).

A procedural due process analysis involves a two step inquiry:  1) does the complaining party have a protected liberty or property interest and, if so, 2) does the available process comport with all constitutional requirements.  Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000).  Thus, the threshold question presented by Petitioner's claims is whether Defendants' actions impacted a constitutionally-protected liberty interest.  Here, the answer is no.

Plaintiff claims that the mandatory nature of 18 Pa. Cons. Stat. 9112 and 42 pa. Cons. Stat. § 9799.9 create a protected liberty interest.  However, a state statute or regulation can only create a liberty interest where it uses explicitly mandatory

9

language that instructs the decision-maker to reach a specific result if certain criteria are met. Neither 18 Pa. Cons. Stat. 9112 nor 42 Pa. Cons. Stat. § 9799.9 contain any such language that enures to Plaintiff's benefit. Accordingly, he can not state a violation of his procedural due process rights with respect to Defendants alleged failure to have fingerprinted and photographed him.

Plaintiff further claims that Defendants violated his constitutional right to "substantive due process" under the Fourteenth Amendment, which protects individuals against arbitrary governmental action regardless of the fairness of the procedures used to implement them.[4] The Supreme Court has declined to set forth a precise rule outlining the contours of "arbitrary" conduct. Notwithstanding, in County of Sacramento v. Lewis, 523 U.S. 833 (1998), the court instructed that the substantive component of the Due Process Clause only can be violated by governmental employees only when their conduct amounts to an abuse of official power that "shocks the conscience." In so holding, the court reiterated its long standing jurisprudence that only the most egregious official conduct can be said to be "arbitrary" in the constitutional sense. *Id*. at 843.

---

4   *See* Collins v. Harker Heights, 503 U.S. 115, 126 (1992) (the Due Process Clause was intended to prevent government officials from abusing power, or employing it as an instrument of oppression); Wolff v. McDonnell, 418 U.S. 539, 558 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government.").

10

Plaintiff's complaint that he was not fingerprinted and photographed does not shock the conscience. Thus, he does not state a violation of his substantive due process rights.

### D. Liability under 42 U.S.C. § 1985

In his Complaint, Plaintiff also cites 42 U.S.C. § 1985 as a basis for his action. Section 1985(3) establishes a cause of action "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). It is well settled that "because § 1985(3) requires the 'intent to deprive of equal protection, or equal privileges and immunities,' a claimant must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action' in order to state a claim." Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

Thus, to state a viable claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person, property, or the deprivation of any right. Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997). Our Court of Appeals has explained: "a plaintiff must allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." Farber, 440 F.3d at 135 (citation omitted).

11

Here, Plaintiff has failed to plead the requisites of a § 1985(3) conspiracy, as the pleadings of record are devoid of allegations that Defendants' alleged conspiracy was motivated by a class-based, invidiously discriminatory animus. Nor do his pleadings show that he suffered any injury to his person or property or was deprived of any right. "[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim." D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1376 (3d Cir. 1992) (quotation omitted), *cert. denied*, 506 U.S. 1079 (1993). Accordingly, he has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1985. United States ex rel. Simmons v. Zibilich, 542 F.2d 259 (5th Cir. 1976) (dismissal of cause of action for damages arising out of alleged conspiracy to interfere with civil rights was proper where convict's conclusory pleadings failed to allege any facts on which to base a conspiracy charge).

### E. Liability under 42 U.S.C. § 1986

Plaintiff also asserts liability under 42 U.S.C. § 1986, which provides as follows.

> 1986. Action for neglect to prevent
>
> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the

> action; and if the death of any party be caused
> by any such wrongful act and neglect, the legal
> representatives of the deceased shall have such
> action therefor, and may recover not exceeding
> five thousand dollars damages therein, for the
> benefit of the widow of the deceased, if there
> be one, and if there be no widow, then for the
> benefit of the next of kin of the deceased.
> But no action under the provisions of this
> section shall be sustained which is not
> commenced within one year after the cause of
> action has accrued.

42 U.S.C. § 1986.

Plaintiff has failed to identify any specific acts or inactions by Defendants that support liability under 42 U.S.C. § 1986. Liability under 42 U.S.C. § 1986 is predicated on knowledge of a violation of 42 U.S.C. § 1985. Bell v. City of Milwaukee, 746 F.2d 1250, 1256 (7th Cir. 1984). As stated above, Plaintiff has not alleged any facts to support liability under 42 U.S.C. § 1985. Consequently, his claim under 42 U.S.C. § 1986 should be dismissed. *Accord* Rouse v. Benson, 193 F.3d 936, 943 (8th Cir. 1999) (holding that inmate's allegations did not support liability under 42 U.S.C. §§ 1985(3) or 1986 as he failed to demonstrate a meeting of the minds of the alleged conspirators).

### F. Absolute Immunity

Plaintiff makes several claims against District Attorney Nancy Vernon and Judge John F. Warner, all of which are subject to dismissal under the doctrine of absolute immunity. In this regard, in a limited number of circumstances, government officials are entitled to absolute immunity from a suit for damages. Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). The grant of absolute immunity from suit has been used "quite sparing," and is confined to official functions in which the exposure to liability would

invariably impede the official in the performance of his or her duties.  Forrester v. White, 484 U.S. 219, 223-24 (1988).

Judges are accorded absolute immunity in the performance of "truly judicial acts" performed within their lawful jurisdiction. Mireles v. Waco, 502 U.S. 9 (1991); Forrester, 484 U.S. at 226-27. Like judges, certain other specified officials, such as administrative law judges, and federal and state prosecutors, enjoy absolute immunity in the performance of functions that are "closely associated with the judicial process."  Cleavinger v. Saxner, 474 U.S. 193, 200 (1985).  This immunity shields not only these decisionmakers, but also other individuals who perform discretionary tasks that play an integral part in the decisionmaking process. *Id.* Thus, where the official's responsibilities are closely analogous to the adjudicative functions of a judge, or are intimately associated with the judicial process itself, that official may enjoy absolute immunity from suit for actions taken to fulfill those particular responsibilities.  Buckley v. Fitzsimmons, 509 U.S. at 271.

Prosecutors enjoy absolute immunity from liability under 42 U.S.C. § 1983 for his or her actions that are related to the initiation and prosecution of a criminal action.    Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  *See also* Burns v. Reed, 500 U.S. 478 (1991). Such absolute immunity extends to responsibilities discharged in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior "intimately associated with the judicial phases" of litigation.  "[T]he duties of the prosecutor in his role as advocate for the State involve

14

actions preliminary to the initiation of prosecution and actions apart from the courtroom." Imbler, 424 U.S. at 431 n.33.

Plaintiff has failed to allege any facts that would indicate that Defendants Vernon or Warner are not entitled to absolute immunity. As such, Plaintiff's allegations are insufficient to state a claim upon which relief may be granted against these individuals. *Accord* Pratt v. Capozzo, 107 F.3d 873 (Table), 1997 WL 73817 (7th Cir., Feb 19, 1997) (plaintiff's vague allegations of conspiracy by defense attorney, prosecutor, and probation officer dismissed as frivolous); Cain v. Commonwealth of Virginia, 982 F. Supp. 1132, 1134 (E.D. Va. 1997) (plaintiff's claim against prosecutor dismissed under 28 U.S.C. §§ 1915A, 1915(e)(2)).

III.    CONCLUSION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. §§ 1981, 1983, 1985 or 1986.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

```
                              _____
                              Lisa Pupo Lenihan
                              United States Magistrate Judge



cc:        The Honorable Donetta W. Ambrose
           United States District Judge

           Troy B. Mannery
           GU - 3777
           S.C.I. at Rockview
           Box A
           Bellefonte, PA  16823-0820
```